UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| HUNG TRINH | : | DOCKET NO. 2:08-CV-0982<br>Section P |
|---|---|---|
| VS. | : | JUDGE DOHERTY |
| SOUTH LOUISIANA CORRECTIONAL CENTER, DIRECTOR OF IMMIGRATION AND CUSTOMS ENFORCEMENT, AND ATTORNEY GENERAL | : | MAGISTRATE JUDGE METHVIN |

*REPORT AND RECOMMENDATION ON MOTION TO DISMISS*
(Rec. Doc. 17)

Currently before the court is a Motion to Dismiss filed on behalf of the respondent in the above-captioned *habeas corpus* matter. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

A petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 was filed by *pro se* petitioner, Hung Trinh, on July 1, 2008, challenging his continued detention in post-removal-order custody. The petition alleges the following: 1) he is subject to a removal order which became final on October 16, 2007; 2) he has been in ICE custody continuously since that date; 3) the 90 day removal period expired on January 1, 2008; and, 4) ICE determined to continue his detention pending removal. Thus, he claims that he has been detained beyond the presumptively reasonable removal period in violation of the principles established by the Supreme Court in Court in *Clark v. Martinez*, 125 S.Ct. 716 (2005) which extended the reasoning in *Zadvydas v.*

*Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) to inadmissible aliens who had been paroled into this country, but whose parol had thereafter been revoked. Accordingly, petitioner requests that this court order his release from custody.

In response to this petition, the government filed the Motion to Dismiss which is currently before the court. In support of this motion, the government presents documentation which establishes that the petitioner was released from post-removal-order detention pursuant to an order of supervision on January 5, 2009.[1]

At the time that this petition was filed, Petitioner was in detention pursuant to the statutory authority of § 241 of the Immigration and Nationality Act (INA), codified at 8 U.S.C. §1231, and he sought to have the court review his post-removal-order detention. However, because the petitioner is no longer in custody, his challenge to his post-removal-order detention is now moot and should be dismissed.

For this reason,

**IT IS RECOMMENDED** that the Motion to Dismiss [Rec. Doc. 17] be **GRANTED** and that this petition be **DISMISSED** as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10)**

---

[1] Rec. Doc. 17-4, Declaration.

**BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

Signed at Lafayette, Louisiana, on January 12, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)